PLEASANT GROVE TOWNSHIP v. ALFRED R. WARE.

No. 215.

LIABILITY OF TOWNSHIP—*Defect in Highway*. The petition examined, and *held* to state a cause of action.

Error from Greenwood district court; C. A. LELAND, judge. Opinion filed July 13, 1898. Affirmed.

*T. L. Davis*, for plaintiff in error.

*R. P. Kelley, W. S. Marlin*, and *Clogston & Fuller*, for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J. : This action was commenced by Alfred R. Ware against Pleasant Grove township, in the district court of Greenwood county, to recover for damages sustained by him by reason of a defective highway in the township.

The petition alleges

" That the township negligently and carelessly permitted certain defects to exist in its highway ; that the road was not laid on the line designated by the viewers as adopted by the county commissioners, and that it was fenced off on less desirable land, and that the fences along the road were then in the highway, it being made thereby too narrow for safe and con-

Pleasant Grove Township v. Ware.

venient travel; that the corner-post where the road diverged from a westerly direction to a southerly direction was then out in the highway about twenty feet, so that the same became and then was an obstruction to safe public travel; that there was a ditch near to the corner extending lengthwise with the road, causing public travel to keep near to the south fence on the road running westward toward said corner, and that north of the ditch and near to it there was a hedgerow, brush, and fence, which interfered with public travel over that part of the road; that the fences on both the east and west sides of the road where it diverges southward from the corner were built several feet out on the roadway, and all the said encroachments, defects and obstructions made the corner difficult and dangerous to pass and turn; that plaintiff, on or about the 13th day of December, 1889, and without contributory negligence to the injury hereinafter mentioned, was driving along said highway, and by reason of said defects, carelessly and negligently permitted to be and exist then and there more than five days prior to that time and with the full knowlege of the trustee of said township, was unable to safely pass and turn said corner and his wagon was overturned, and plaintiff thereby thrown to the ground, whereby, and solely by reason of said defects, plaintiff's leg was broken and his wagon injured; that plaintiff has been to great expense in caring for and doctoring said broken limb, and has been damaged in the sum of $300 for his doctors' bills; that he has lost time to the sum of $1800; that he was damaged thereby in pain and suffering and permanent injury to his limb and body in the sum of $5000; and that his damage to his wagon thereby sustained was and is $25."

While the allegations of the petition are crudely framed, they state a cause of action in favor of the plaintiff and against the defendant therein under section 48 of chapter 42 of the General Statutes of 1897.

The court did not err in overruling the demurrer to this petition. The jury returned a verdict, and judg-

ment was rendered for the plaintiff below in the sum of $800.

The rulings of the court in overruling the motion for a new trial and in rendering judgment were not excepted to ; therefore we cannot review those rulings.

The judgment of the district court is affirmed.